IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE E. HORN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORTHROP GRUMMAN RETIREMENT PLAN B and NORTHROP GRUMMAN BENEFIT PLAN ADMINISTRATIVE COMMITTEE,<br><br>　　　　Defendants.<br>_____/ | No. C 14-1679 CW<br><br>ORDER DISMISSING FOR FAILURE TO PROSECUTE; and DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (Docket No. 36) |

Plaintiff Marie E. Horn brings this Employee Retirement Income Security Act (ERISA) claim against Defendants Northrop Grumman Retirement Plan B and the Northrop Grumman Benefit Plan Administrative Committee (collectively, Defendants).  Defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

This Court granted Defendants' prior motion to dismiss, and granted Plaintiff leave to amend her complaint.  Order (Docket No. 25).  Plaintiff filed her amended complaint on November 18, 2014.  (Docket No. 31).  Subsequently, the parties stipulated to, and the Court granted, an extension of time for Defendants to file a renewed motion to dismiss.  Stip. (Docket No. 34); Order (Docket No. 35).

Defendants made their renewed motion to dismiss on December 19, 2014. (Docket No. 36). The stipulated deadlines provided that Plaintiff's response was due on January 2, 2015; however, as of this writing, Plaintiff has filed no opposition to the renewed motion to dismiss.

DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." See also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

On November 28, 2014, Plaintiff entered a stipulation by which she agreed that her response to any renewed motion to dismiss would be due on January 2, 2015. On December 1, 2014, the Court issued an Order granting the Stipulation. Defendants timely renewed their motion to dismiss; however, although it is more than two weeks after her deadline to respond, Plaintiff has filed no response to the motion. Therefore, pursuant to Rule 41(b), the Court hereby dismisses Plaintiff's amended complaint for failure to prosecute and for failure to comply with a court order. Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) is denied as moot.

Rule 41 also provides, "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Here, because public policy favors disposition of cases on their merits, see, e.g., Dahl v.

2

City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996), the dismissal shall not operate as an adjudication on the merits.

IT IS SO ORDERED.

Dated: January 21, 2015

CLAUDIA WILKEN
United States District Judge