IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIE E. HORN,

    Plaintiff,

  v.

NORTHROP GRUMMAN RETIREMENT PLAN and NORTHROP GRUMMAN BENEFIT PLAN ADMINISTRATIVE COMMITTEE,

    Defendants.
_____/

No. C 14-1679 CW

ORDER GRANTING MOTION TO DISMISS

(Docket No. 54)

    Plaintiff Marie E. Horn has filed her Second Amended Complaint (2AC) bringing this fraud cause of action[1] against Defendants Northrop Grumman Corporation (Northrop) and Northrop Grumman Benefit Plan Administrative Committee (the Administrative Committee) in relation to estimates of pension benefits due to her through her participation in the Northrop Grumman Retirement Plan (the Plan).  Plaintiff previously filed a complaint and a first amended complaint (1AC).  The Court granted Defendants' motion to dismiss the 1AC, and Plaintiff was granted leave to amend.  In the current motion, Defendants move to dismiss the 2AC (Docket No. 54).  Plaintiff has filed a response.  Defendants have filed a reply.

---

[1] The 2AC alleges a sole cause of action for "misrepresentation."  However, the claim sounds in fraud, and Plaintiff uses the word "fraud" several times to describe Defendants' actions (e.g., "Ms. Horn was unaware of the fraudulent nature of the pension estimates that she received," see 2AC ¶ 11; "The overstatement of pension benefits was intended to and did defraud Ms. Horn," see 2AC ¶ 13.)  Accordingly, the Court construes Plaintiff's sole cause of action as one for fraud.

Having considered the papers, the Court GRANTS the motion to dismiss without leave to amend.

BACKGROUND

The following facts are alleged in the 1AC and the 2AC, and are taken as true for the purposes of this motion.

Plaintiff Marie Horn was employed as an attorney by Litton Industries beginning in 1988. 2AC ¶ 6. Litton was subsequently acquired by Northrop. Plaintiff continued to work at Northrop through August 25, 2002. Id. During the time she was employed with Litton, she participated in the Litton Retirement Plan, and the Litton Financial Security and Savings Program. Id. After Northrop's acquisition of Litton, Plaintiff's plans were merged with Northrop Grumman Retirement Plan B. Id. Plaintiff does not know if she is "correctly considered a participant" in the Plan, but relies on Defendants' representation that she is. Id. The Plan is subject to ERISA, 28 U.S.C. § 1101 et seq.

On April 1, 2003, in connection with the end of her employment with Northrop, the company presented Plaintiff with a "termination package" which included a letter signed by "Lisa T. Sanders, Northrop Grumman Benefits Center." 2AC ¶ 9. Attached to the letter was a retirement benefit summary which stated that if Plaintiff "transferred her Part 1 Account Balance but did not withdraw her Litton Retirement Plan deposits, she would be entitled, upon reaching the benefit commencement date of July 1, 2014," to a "Straight Life" monthly benefit payment of $2,296.75. Id. In October 2009, Plaintiff received a similar retirement benefit summary, which contained similar estimates. Id.

Plaintiff received updated estimates in 2011 and 2012. Id.

2

¶ 10. The 2011 and 2012 estimates, as well as the pension she actually received, were significantly lower than the estimates she received in 2003 and 2009. Id.

Plaintiff retired in 2013. Id. ¶ 7. Plaintiff does not state if she was employed by another company between 2002 when she left Northrup and 2013 when she retired. She alleges that she retired because she "could no longer rely upon the computation of the value of her retirement benefits by defendants." Id.

Plaintiff alleges that a Plan administrator explained to her that the estimates she had been receiving over the years had at least three calculation errors built into them, including that the benefit due had been erroneously multiplied by 1.7. Id. ¶ 9.

As a result of her reliance on the 2002 and 2003 miscalculated estimates, Plaintiff alleges a cause of action for fraud. She alleges that she suffered the following damages: (1) "she worked for a lower rate of compensation than she had been promised by her employer"; (2) "in 2005, she purchased a home in Florida which has since lost value in the economic downturn"; and (3) "she continued to work for Northrup Grumman Corporation or entities affiliated with it instead of seeking better paying work elsewhere." Id. ¶ 15. As relief, she requests "compensation due in accord with the estimates provided to [her] between 2003 and 2009." Id. at 6.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Ashcroft v.

3

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008).  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice.  Id. However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  However, the Court has discretion to deny leave to amend, especially where a plaintiff has previously amended the complaint.  See Allen v. City of Beverly Hills, 911 F.2d 367, 373-74 (9th Cir. 1990).

4

DISCUSSION

Defendants move to dismiss the complaint in its entirety.

I. ERISA preemption

In the 2AC, Plaintiff abandons her original Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(3), cause of action to assert a cause of action for fraud. Defendants argue that this cause of action is preempted by ERISA.

Plaintiff concedes that she does not have a viable cause of action under ERISA. Instead, she contends that "when Northrop Grumman . . . issued computations of future pension values which it had no reason to believe were true, it was not acting as an ERISA fiduciary, but as an employer . . ." Opp. Mot. Dismiss, Docket No. 55 at 1.

"A state law claim is preempted by ERISA if it has a 'connection with' or a 'reference to' an ERISA-governed benefit plan." Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1190 (9th Cir. 2010)(citing Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985)). "Stated another way, where 'the existence of [an ERISA] plan is a critical factor in establishing liability' under a state cause of action, the state law claim is preempted." Id.

The plaintiff in Wise brought allegations similar to those Plaintiff asserts here. Wise sued her employer, alleging that it fraudulently promised her benefits pursuant to her ERISA welfare benefits plan. The Ninth Circuit held that all of Wise's state law claims for fraud, misrepresentation and negligence were preempted because her complaint necessarily referred to an ERISA plan.

5

> The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that Wise suffered damages: the loss of insurance benefits.  Because Wise must allege the existence of an ERISA plan to state her claims . . . the claims are preempted.

Wise, 600 F.3d at 1191.

Similarly, Plaintiff's fraud cause of action necessarily arises from her ERISA retirement benefits plan and is, thus, a "critical factor" in establishing liability.  Plaintiff alleges that Northrop intentionally and fraudulently miscalculated her pension benefits, leading her to rely upon those estimates to her detriment.  She refers to the plan as part of the "compensation" she believes she was promised, and requests damages "in accord with the estimates provided to [her] in 2003 and 2009."  2AC at 6.

The cases Plaintiff cites, from which she extracts lengthy quotes, do not support her conclusions.  For example, Plaintiff cites Farr v. United States West, Inc., 58 F.3d 1361 (9th Cir. 1995), for the contention that "state law fraud and negligent misrepresentation were not subject to ERISA preemption."  Opp. Mot. Dismiss at 4.  Farr involved a suit by former employees against a plan administrator who gave erroneous tax advice that induced the plaintiffs to participate in the benefits plan.  The Ninth Circuit found that the tax consequences of the advice and the causes of action for fraud and negligent misrepresentation did not relate to the administration of the plan itself; thus, it was not preempted by ERISA.

However, pursuant to intervening Supreme Court precedent in Varity Corp. v. Howe, 516 U.S. 489 (1996), the Ninth Circuit concluded that even tax recommendations given by plan administrators "clearly 'relate to' plan administration because

6

they are part of the overall mix of information relied upon by Plaintiffs in making their decisions to participate in the plan." Farr v. United States West Commc'ns, Inc., 151 F.3d 908, 913 (9th Cir. 1998).  A cause of action arising from benefits estimates bears an even closer relationship to plan administration than does tax advice.  Thus, the cases Plaintiff cites do not save her cause of action from preemption by ERISA.

Accordingly, Defendants' motion to dismiss Plaintiff's sole cause of action for fraud is GRANTED.  Because this is Plaintiff's second failed attempt to state a claim, the motion is granted without leave to amend.

II.  Failure to state a claim for fraud

Even if Plaintiff's fraud cause of action did not fail due to ERISA preemption, it fails because it does not state a claim.

"A cause of action for fraud contains the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages."  Hasso v. Hapke, 227 Cal. App. 4th 107, 127 (2014).  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  While Plaintiff pleads with particularity that Northrop made knowingly false statements in 2003 and 2009 by providing benefits estimates that were inflated by a factor of 1.7, she has not sufficiently plead the other elements of a fraud cause of action with the required particularity.

7

A. Intent to deceive or induce reliance

Plaintiff alleges that "the overstatement of pension benefits was intended to and did defraud Ms. Horn into working for a lower compensation rate than she had been promised by defendants." Opp. Mot. Dismiss at 10, 2AC ¶ 12. She also alleges that "she continued to work for Northrop Grumman Corporation or entities affiliated with it instead of seeking better paying work elsewhere." Id. ¶ 15. However, as Defendants point out, these alleged facts are implausible.

Plaintiff does not allege that she received pension estimates prior to the termination of her employment with Northrup on August 25, 2002. Indeed, she claims to have received her first pension benefits estimate on April 1, 2003. Thus, taking all her facts to be true, she does not state facts to support her allegation that her decision to work at Northrop was in any way influenced by the inaccurate pension benefits estimate. The first such estimate was provided after she ceased her employment.

Accordingly, Plaintiff has not plead any facts to support her allegation that Northrop intended to deceive her or to induce her reliance on the erroneous estimates. Thus, her claim must fail for this reason as well.

B. Justifiable reliance and damages

As discussed above, Plaintiff does not plead any facts to support her contention that her employment at Northrop was influenced by the erroneous pension benefit estimates she received in 2003 and 2009. Plaintiff appears to allege that she purchased a home in Florida in 2005 in reliance on the pension estimates she received in 2003. However, Plaintiff pleads that her damages with

8

regard to the home is that it "has since lost value in the economic downturn." 2AC ¶ 15. It is not clear how the lost value in the home has any relationship to the erroneous pension estimates. It is possible Plaintiff is alleging that she purchased the home relying on the erroneous pension estimate she received in 2003. However, Plaintiff did not retire, and was not entitled to any benefits, until 2013. The connection between the purchase of the home and the receipt of pension benefits ten years later is tenuous, at best.

Accordingly, Plaintiff has not plead any facts to support her allegations of justifiable reliance or damages. Thus, her claim must fail for this reason as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the 2AC (Docket No. 54). The dismissal is without leave to amend. The Clerk shall enter a judgment of dismissal and close the file. Defendants shall recover their costs from Plaintiff.

IT IS SO ORDERED.

Dated: 07/01/2015

CLAUDIA WILKEN
United States District Judge